# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK BANKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:08CV58 LMB |
| | ) | |
| UNITED STATES ATTORNEY, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of petitioner (registration no.05711068), an inmate at Yazoo City Federal Correctional Institution, for leave to commence this action without payment of the required filing fee [Doc. #2]. Although petitioner will not be required to pay the filing fee at this time,[1] based upon a review

---

[1]Title 28, Section 1915(g) provides that a prisoner may not bring a civil action in forma pauperis if "on 3 or more [earlier] occasions,...[the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." An automated search of petitioner's name in the Administrative Office of the Court's U.S. Party/Case Index reveals that petitioner has filed numerous actions in various federal courts around the country, and at least three of these prior actions have been dismissed as frivolous. See Banks v. Hayward, Case No. 06-509 (W.D. Pa.); Banks v. Hayward, Case No. 06-1572 (W.D. Pa.); Banks v Dove, Case No. 06-2289 (M.D. Pa.); and Banks v. Pittsburgh Tribune Review, Case No. 07-336 (W.D. Pa.). Accordingly, under normal circumstances, the Court would require petitioner to pay the full filing fee prior to pursuing this action, pursuant to 28 U.S.C. § 1915(b)(1) and (g). There is some question, however,

of the petition for writ of mandamus, the Court finds that the petition should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss an action filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is

---

whether this action can be construed as a "civil action," pursuant to 28 U.S.C. § 1915(b)(1) such that § 1915(g) would apply. See, e.g., In re Phillips, 133 F.3d 770, 771 (10th Cir. 1998) (holding that the Prison Litigation Reform Act is inapplicable to mandamus actions filed in the appellate court); In re Tyler, 110 F.3d 528, 529 (8th Cir. 1997) (holding that the PLRA may be applicable to mandamus action depending on the nature of the underlying action in the district court); In re Stone, 118 F.3d 1032, 1033-34 (5th Cir. 1997) (same); Madden v. Myers, 102 F.3d 74, 76 (3d Cir. 1996) (same); Martin v. United States, 96 F.3d 853, 854 (7th Cir. 1996) (same); In re Nagy, 89 F.3d 115, 116 (2nd Cir. 1996)(same); In re Smith, 114 F.3d 1247, 1250 (D.C. Cir. 1997) (holding that PLRA filing fees apply to writ of prohibition where underlying action is civil in nature);but see, Martin v. Grimshaw, 198 F.3d 248 (6th Cir. 1999) (holding that an action brought under 28 U.S.C. §1361 is a "civil action" for purposes of the PLRA); Lepiscopo v. Social Security Administration, No. Civ.A. 05-1628 (MLC), 2005 WL 1863609 (D.N.J. August 3, 2005) (applying the PLRA to a §1361 action); Lugo v. INS, 950 F.Supp. 743, 745-46 (E.D. Va. 1997) (cautioning plaintiff that the dismissal of his § 1361 action for failure to state a claim upon which relief can be granted counted as an applicable dismissal for purposes of § 1915(g)); Cf. Madden v. Myers, 102 F.3d 74, 76 n.2 (3rd Cir. 1996) (declining to decide whether PLRA applies to § 1361 mandamus petitions) with Franco v. Bureau of Prisons, 207 Fed.Appx. 145, 2006 WL 3521880 (3rd Cir. 2006) (affirming district court dismissal under 28 U.S.C. § 1915(e)(2) of motion for § 1361 writ of mandamus against Bureau of Prisons and dismissing appeal under § 1915(e)(2)(B)).

immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se action under § 1915(e)(2)(B), the Court must give the action the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Petition for Writ of Mandamus**

On April 18, 2008, petitioner filed with the Court a "Petition for A Writ of Mandamus Pursuant to §1651." Plaintiff seeks to have the district court compel the United States Attorney to present to the Grand Jury the two "presentments" and a "report and recommendation" he has attached to his petition. The "report and recommendation," apparently signed by a panel of inmates, recommends that "all non-violent offenders be paroled forthwith, and all other offenders be eligible for parole after serving 1/3 of their sentences. That at 50% parole be given mandatory to all other incarcerated offenders, and of course that parole be re-established

forthwith." The "presentments" seek indictment of an entity identified as "Smart Money Solutions" for alleged "mail fraud, obstruction of justice and other violations..."

**Discussion**

Pursuant to 28 U.S.C. § 1361[2], "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus, however, is an extraordinary remedy. See Heckler v. Ringer, 466 U.S. 602, 616 (1984). Certain conditions must be met before mandamus relief is granted. "Among these are that the party seeking issuance of the writ have no other adequate means to attain the relief he desires, and that he satisfy 'the burden of showing that (his) right to issuance of the writ is clear and indisputable.'" Kerr v. United States District Court, 426 U.S. 394, 403 (1976) (citations omitted). Thus, mandamus is available to petitioner here only if he shows that he has a clear right to the relief sought, that the respondents have a clear duty to perform, and that no other adequate remedy is available. Petitioner cannot meet this standard.

---

[2]Although petitioner indicated that he was bringing the instant action pursuant to 28 U.S.C. § 1651, because petitioner is seeking to compel a United States Officer to act, the Court believes that this action is more properly brought pursuant to 28 U.S.C. § 1361.

It is a well-settled principle that mandamus does not lie to compel a United States Attorney to perform a discretionary act. Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375 (2nd Cir. 1973); Ross v. U.S. Attorney's Office, 511 F.2d 524 (9th Cir. 1975); United States v. Cox, 342 F.2d 167 (5th Cir. 1965); see also, O'Connor v. State of Nevada, 507 F.Supp. 546, 549 (D. Nev. 1981); City of Milwaukee v. Saxbe, 546 F.2d 693, 701 (7th Cir. 1976) ([T]here is no jurisdictional grant under the mandamus statute to consider a mandamus remedy...that would order the performance of discretionary, as opposed to ministerial, acts by federal officials."). The decision to criminally prosecute an individual and/or entity is within the sound discretion of the Attorney General and the Office of the United States Attorney. See, e.g., Smith v. United States, 375 F.2d 243 (5th Cir. 1967).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner is not required to pay the filing fee at this time.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon petitioner's application for writ of mandamus because the

application for writ is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 12th day of May, 2008.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE